CARBON INDEPENDENT SCHOOL DISTRICT No. 10, Douglas Township, Adams County, Iowa, Appellant, v. ADAMS COUNTY et al., Appellees.

No. 43504.

JUNE 19, 1936.

Lee R. Watts, for appellant.

M. E. Wilmarth and Ed Fackler, Jr., for appellees.

ALBERT, J.—As we view this case, the question is a very narrow one, and turns upon the single proposition of whether these children were residents of the plaintiff school district.

The evidence in the case shows that George Rhamey had a wife and six children, four of whom are involved in this controversy. The family were not possessed of any wordly goods except some household goods. They lived in another school district, where the father had employment as a coal miner. Later the family moved into the plaintiff district, where the father had obtained work in his occupation. It appears that after the father determined to locate in the plaintiff district he went there to look for housing quarters, and he eventually moved into a house built by the defendant. He and his family remained there and he worked during the time in controversy herein.

He testifies, with reference to the time he was in Carbon:

"I had pretty steady employment up to the spring. This was my home and my residence during the time I lived there. I sent my children to school in this district. No demand was made on me for tuition."

On redirect examination, he said:

"I worked practically all the time I lived in Carbon. * * * That was the only home and residence I had. The board of supervisors did not ask me to move to Carbon."

The evidence in the case shows that during a part of the time involved herein the family were on relief; and also shows that in another district the county had a county home (ordinarily designated as a poorhouse) on 160 acres of land, which

was equipped to take care of those who were entitled to its benefits. It appears that at this county home there was one obstreperous character, by the name of Lou Williams, who made trouble and was rather incorrigible. He was a patient about seventy-five years of age, and was inflicted with a bad and contagious case of tuberculosis. To take care of this patient the county bought two vacant lots in the town of Carbon, which was about ten miles from the county home, and constructed thereon a building, and transferred this patient to and maintained him in that building. Thereafter, for some reason unexplained, the county started to construct a two-room building on these lots. Rhamey appeared in the town at about that time and was seeking a residence for his family, expecting to exercise his occupation as a coal miner there, which he later did. He was unable to find a place to live, and the member of the board of supervisors who had charge of that district permitted him to move into this second building which was completed on said lots. He and his family lived there during the time in controversy herein.

Plaintiff seeks to apply Code, section 5346, which provides in substance that the tuition for poor children who are cared for at the county home shall be paid by the county. It is apparent that these children were not covered by this section of the statute. They were not, and never had been, inmates of the county home.

Some rights are claimed by reason of section 4283 governing tuition of children in charitable institutions; but we cannot see that this section has anything to do with the question before us.

Section 4273 of the Code provides that:

"Every school shall be free of tuition to all actual residents between the ages of five and twenty-one years. * * * "

It is our conclusion that, under the undisputed record in this case, the residence of these children at the time in question was within the boundaries of the plaintiff school district. This being true, it necessarily follows that the plaintiff was not entitled to charge the county for the tuition of these children.— Affirmed.

DONEGAN, C. J., and ANDERSON, MITCHELL, KINTZINGER, HAMILTON, RICHARDS, and STIGER, JJ., concur.